**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CHRISTOPHIS L. HEITMANN**                                                    **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO. 3:22-CV-85-KHJ-MTP**

**PLANET FIT INDY 10 LLC; PLANET FITNESS
FRANCHISING LC; PLANET FITNESS d/b/a
UNITED PF JLM, LLC; PLANET FITNESS d/b/a
UNITED PF ROB, LLC, and
JOHN DOES 1-10 AND XYZ COR 1-9**                                  **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF PLANET FIT INDY 10, LLC'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW the Defendant, Planet Fit Indy 10, LLC, by and through its attorneys of record, ANDERSON CRAWLEY & BURKE, PLLC, and pursuant to L.U.Civ.R. 7(b)(4), submits this Memorandum Brief in support of its Motion for Summary Judgment pursuant to F.R.C.P. 56, and would hereby in support of the same show the Court the following:

**<u>INTRODUCTION</u>**

In August of 2018, Plaintiff began working for Planet Fit Indy 10, LLC ("Planet Fitness") at its Pearl, Mississippi location as an Overnight Member Service Representative. He continued working the night shift until Planet Fitness closed all of its locations in March of 2020 due to the COVID-19 pandemic. Once the CDC had issued new guidelines to address pandemic concerns, and Planet Fitness began taking steps to reopen its 8 Jackson area health clubs in early May 2020, Plaintiff was contacted and requested to return to work the daytime shift, as there were no overnight shifts to be worked under the new post-Covid conditions. On May 13, 2020, Plaintiff returned to work and worked his daytime shift. That same day, however, Plaintiff sent an email to Planet Fitness regarding COVID business procedures, followed by numerous communications via phone, text and email. He expressed to Planet Fitness via signed documents and verbal

1

communications with management that he would not be returning to work until the night shift was available.

On May 28, 2020, the District Manager emailed Plaintiff a letter informing him that he had been placed on layoff status due to the unavailability of the night shift and Plaintiff's unwillingness to work the day shift. On September 20, 2020, Plaintiff filed his EEOC Charge of Discrimination against Planet Fitness, claiming disability discrimination, in that he says he was fired for "having to quarantine" due to COVID-19, and suffered from PTSD, among other allegations.  After the EEOC declined to prosecute the claim, Plaintiff filed his Complaint in Circuit Court – which was Removed by the Defendant to this Court - alleging disability discrimination and retaliation under the Americans with Disabilities Act.

Planet Fitness submits that Plaintiff has not and cannot establish *a prima facie* case for disability discrimination and retaliation against Planet Fitness. There are no genuine issues of material fact. Plaintiff cannot show that (a) he in fact has a "disability" as defined pursuant to the Americans with Disabilities Act, (b) he has notified Planet Fitness of his alleged "disability", nor (c) he suffered any adverse employment action related to any such alleged "disability."

## <u>STATEMENT OF FACTS</u>

1. On or about September 24, 2021, Plaintiff, Christopher Heitmann ("Plaintiff"), filed his Complaint against Planet Fit Indy 10 LLC.; Planet Fitness Franchising LLC; and John Does 1-10 and XYZ Corp 1-9 in the Circuit Court of Rankin County, Mississippi. **Exhibit "A".**[1]

---

[1] Heitmann's Complaint is also found in the state court record [Doc. 1] that Planet Fitness filed with this Court in connection with its Notice of Removal.

2.  On or about January 19, 2022, Heitmann filed his Amended Complaint in the Circuit Court of Rankin County, Mississippi and naming additional Defendants, UNITED PF JLM, LLC and UNITED PF ROB, LLC, in the action. **Exhibit "B".**

3.  On or about February 21, 2022, Planet Fitness filed its Notice of Removal [Doc. 1], pursuant to 28 U.S.C. § 1446, which removed the action styled "*Christopher L. Heitmann v. Planet Fit Indy 10 LLC; Planet Fitness Franchising LLC; Planet Fitness d/b/a UNITED PF JLM, LLC; Planet Fitness d/b/a UNITED PF ROB, LLC, and John Does 1-10 AND XYZ Corp 1-9*" to this Court. **Exhibit "C".**

4.  In his Amended Complaint, Plaintiff alleges discrimination and retaliation based on Plaintiff's alleged disability protected under the Americans with Disabilities Act. Plaintiff claims that on or about May 28, 2020, he was wrongfully terminated from "the Defendant's Pearl, Mississippi location." **Exhibit "B".**

5.  Plaintiff filed a charge of discrimination on September 20, 2020 with the EEOC based on discrimination in violation of the ADA. **Exhibit "E".**

6.  Plaintiff's claim was dismissed with a Notice of Suit Rights on June 28, 2021. **Exhibit "F".** The claims contained in Plaintiff's Complaint and Amended Complaint are identical in essence to those alleged in the Plaintiff's EEOC charge of discrimination.

7.  Planet Fitness answered the complaint denying Plaintiff's allegations and affirmatively asserted defenses regarding the Plaintiff's inability to establish the elements of each claim, specifically claiming Plaintiff has not met his burden of proof. **Exhibit "G".**

## SUMMARY JUDGMENT STANDARD

The standard for granting a motion for summary judgment is not subject to debate or disagreement under Federal law.  Summary judgment must be granted if the pleadings,

discovery, documents and affidavits provided in connection with the motion show that there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A genuine issue of material fact arises where "the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatkis*, 799 F.2d 218, 22 (5th Cir. 1987). Where the Court finds the evidence so one-sided that only one party should prevail as a matter of law, no genuine issue of material fact exists. *Id*. at 251.

A motion for summary judgment is defeated only where the party opposing the motion is able to set forth specific material facts showing the existence of a genuine issue for trial. *Anderson*, 477 U.S. at 256-257. Summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof. *Celotex Corporation v. Catrett,* 477 U.S. 317, 323 (1986). When the movant does *not* have the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id*. at 323-324.

## ARGUMENT

**I.   Disability Discrimination: Planet Fitness is entitled to summary judgment because there are no genuine issues of material fact and Plaintiff cannot establish the *prima facie* elements of his disability discrimination claim.**

4

The Plaintiff is not protected under the Americans with Disabilities Act ("ADA"), as he is unable to demonstrate that he was disabled as defined under the ADA at the time of the alleged incident nor did he notify his Employer of his alleged "disability." Furthermore, Plaintiff did not suffer an adverse employment action.

The ADA prohibits discrimination against "a qualified individual on the basis of a disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Under the ADA, discrimination includes "utilizing standards, criteria or methods of administration that have the effect of discrimination on the basis of disability ..." *Id*. at § 12112(b)(3)(A). In a disability discrimination case, Plaintiff may either present direct evidence that he was discriminated against because of his alleged disability or alternatively proceed under the burden-shifting analysis first articulated *in McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a Title VII case. *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). Like Title VII discrimination cases, only if Plaintiff is able to establish a *prima facie* case of discrimination under the ADA, does the burden shift to the employer to articulate a legitimate, nondiscriminatory reason for the alleged adverse employment action. *Id*. Then, the burden shifts back to the Plaintiff to show that the employer's proffered reason is pretextual. *Id*. In order to establish a prima facie case for discrimination under the ADA, Plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability." *Id*. at 697.

   a. **Plaintiff is not "disabled" as defined under the ADA; therefore, he is not a member of the protected class**

"The threshold issue in a plaintiff's prima facie case is showing that he suffers from a disability[.]" *Talk v. Delta Airlines, Inc.*, 165 F. 3d 1021, 1024 (5th Cir. 1999). Plaintiff must first prove that he is a member of the protected class (i.e., disabled). To do so, Plaintiff must show that he has "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such an individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Id.* "An impairment is substantial if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." *Lanier v. Univ. of Texas SQ. Med. Ctr.*, 527 Fed. Appx. 312, 318 (5th Cir. 2013).

Definitionally, the Plaintiff does not suffer from a disability. The only evidence in the record of any alleged disability is Plaintiff's unsubstantiated claim in the EEOC charge that he suffers from PTSD. **Exhibit "F".** Without any medical support whatsoever for his self-serving claims, the Plaintiff is not "disabled" as defined under the ADA and is not a member of the protected class.

### b. *Plaintiff was not regarded as having a disability by Planet Fitness*

To qualify for "regarded as" status under § 12102(1)I, the employee "need only show that her employer perceived her as having an impairment and that it discriminated against her on that basis." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230 (5th Cir. 2015) (citation omitted); 42 U.S.C. § 12102(3). Qualifying impairments include "any physiological disorder or condition that affects, among other body systems, respiratory and cardiovascular systems." *Burton*, 798 F.3d at 230 (quoting, among other things, 29 C.F.R. § 1630.2(h)).

Planet Fitness has not regarded Plaintiff as disabled, nor was Planet Fitness ever notified of any alleged diagnosed disability – nor did Planet Fitness take any action directed at the Plaintiff to discriminate against him on a prohibited basis. **Exhibit "H", Exhibit "I", and Exhibit "J".** The Plaintiff's text message exchanges (Def's Doc Production pp. 356-357) and email exchanges with management employees did not put the Employer on notice of any disability. Rather, they were unsubstantiated claims that he claimed to have "doctor's excuses," which were never produced or seen by anyone in management at Planet Fitness, and additionally even when asked to provide medical documentation of his claimed disability, Plaintiff failed to do so. Here, Planet Fitness was wholly unaware of any alleged disability of the Plaintiff; thus, Plaintiff cannot establish the first prong of his prima facie case.

**c.** *Plaintiff did not suffer any adverse employment action based on his disability*

Within the context of discrimination claims under the ADA, "the Fifth Circuit has limited adverse employment actions to acts which affect compensation, duties and benefits." *McKay v. Johanns*, 265 F. App'x 267, 268–69 (5th Cir. 2008). This typically means that "a plaintiff must show that she was subject to an ultimate employment decision, such as hiring, granting leave, discharging, promoting, or compensating" to establish an adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007).

Plaintiff was not subject to an ultimate employment decision nor did Planet Fitness terminate him. In fact, he was offered a new position on the day shift in light of the post-Covid shutdown circumstances of there being no overnight shift at any of the 8 Jackson area gyms. As evidenced in, **Exhibit "H"** and attachments attached hereto, the Plaintiff declined to return to work when the Pearl, MS, fitness facility reopened after the Covid-19 shut-down in the Spring of 2020. The Plaintiff was offered to return to work on the day shift, but he declined to do so, claiming he was

"an overnight employee and am unable to work the daytime schedule". The Fifth Circuit has held that a change in employment hours typically does not constitute an adverse employment action. *See Benningfield v. City of Houston,* 157 F. 3d 369, 377 (5th Cir. 1998). Thus, the Plaintiff's voluntarily leaving after Planet Fitness no longer had the nighttime shift available - when the nighttime shift was no longer offered to <u>any</u> employee - did not constitute an adverse employment action based on a disability. Therefore, Plaintiff cannot meet his burden of establishing a prima facie case and Planet Fitness is entitled to summary judgment on this claim.

**II.      Retaliation: Planet Fitness is entitled to summary judgment because there are no genuine issues of material fact and Plaintiff cannot establish the *prima facie* elements of his retaliation claim.**

Plaintiff will not carry the burden required to establish the retaliation claim.  In order to prove retaliation, Plaintiff must show that (1) he engaged in a protected activity; (2) an adverse employment action arose; and (3) there is a causal connection between the protected act and the adverse action.  As noted earlier, there is no evidence that Plaintiff was subject to an adverse employment action on the basis of any disability. Indeed, Plaintiff's managers and supervisors had no knowledge of any impairment, nor did they in fact terminate him because of one. **Exhibit "H", Exhibit "I", and Exhibit "J".** In fact, Planet Fitness offered Plaintiff a new position after the position he had prior to the pandemic was eliminated. **Exhibit "H".**

Because there is no evidence that Planet Fitness was aware of any "protected activity," it cannot be said the Plaintiff's voluntarily leaving after Planet Fitness offered him the only position that it had available in the midst of a pandemic constituted retaliation. Planet Fitness issued the May 28, 2020 letter because Plaintiff failed to show up to his daytime shift. **Exhibit "H".** In the absence of an adverse employment action, Plaintiff's claim for retaliation must fail.

**III.    Even if Plaintiff had established a *prima facie* case of discrimination, Planet Fitness' employment decisions were legitimate, non-discriminatory and not a pretext for discrimination.**

Assuming, arguendo, Plaintiff can establish a prima facie case for disability discrimination, the burden shifts to Planet Fitness to articulate a legitimate, nondiscriminatory reason for the alleged disparate treatment. As articulated in the letter dated May 28, 2020, attached in **Exhibit "H",** Plaintiff being put on layoff status was entirely unrelated to his self-quarantine and / or any alleged disability. Planet Fitness' employment decision regarding the Plaintiff's layoff status was entirely based on the fact that Plaintiff stated he would not return to work until the night shift was available again. Thus, the record objectively reflects that no pretext was involved in Planet Fitness' employment decisions in this matter.

## CONCLUSION

There are no genuine issues of material fact, and the Plaintiff will not be able to establish the claims for violation of the ADA and retaliation. Therefore, the Defendant is entitled to judgment as a matter of law.

**WHEREFORE, PREMISES CONSIDERED,** Planet Fitness respectfully requests that this Court enter an order granting summary judgment in its favor, dismissing Plaintiff's Complaint/Amended Complaint with prejudice, and for such further relief consistent with this motion, general or specific that this Court may deem appropriate.

**RESPECTFULLY** submitted this the  27th  day of January, 2023.

**PLANET FIT INDY 10, LLC**,

Defendant

BY:    ANDERSON CRAWLEY & BURKE, PLLC

Its Attorneys

BY:    /s/Timothy D. Crawley_____

Timothy D. Crawley / (MSB# 7826)

Timothy D. Crawley / (MSB# 7826)

Cecelia J. Hurt / (MSB#106489)

ANDERSON CRAWLEY & BURKE, PLLC

ATTORNEYS AT LAW

POST OFFICE BOX 2540

RIDGELAND, MS 39158-2540

TELEPHONE:  (601) 707-8800

FACSIMILE:    (601) 707-8801

E-MAIL:        TCrawley@ACBLaw.com

                CHurt@ACBLaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned counsel of record for Defendant, Planet Fit Indy 10, LLC, do hereby certify that on this date I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> W. Matthew "Matt" Burch, Esq.
>
> Burch Law Firm, PLLC
>
> Post Office Box 692
>
> Madison, MS 39130
>
> *Attorney for Plaintiff*

This, the  27th  day of    January   , 2023.

BY:     /s/ Timothy D. Crawley

Timothy D. Crawley / (MSB# 7826)

Timothy D. Crawley / (MSB# 7826)

Cecelia J. Hurt / (MSB#106489)

ANDERSON CRAWLEY & BURKE, PLLC

ATTORNEYS AT LAW

POST OFFICE BOX 2540

RIDGELAND, MS 39158-2540

TELEPHONE:  (601) 707-8800

FACSIMILE:   (601) 707-8801

E-MAIL:      TCrawley@ACBLaw.com

CHurt@ACBLaw.com